LAW OFFICE OF TODD J. KROUNER
93 NORTH GREELEY AVENUE
CHAPPAQUA, NEW YORK 10514
(914) 238-5800

TODD J. KROUNER*
*ADMITTED IN NY, NJ AND CA

SAMANTHA BUCKALEW^
^ADMITTED IN NY

August 14, 2026

**VIA ECF**

MEMO ENDORSED

Hon. Victoria Reznik
United States Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Farner v. Leong, et al., No. 7:25-cv-09383

Dear Judge Reznik:

Pursuant to the Court's August 7, 2026 Order directing Plaintiff to advise whether the discovery dispute raised in Plaintiff's August 3, 2026 letter (ECF No. 38) has been resolved, Plaintiff reports, unfortunately, that it has not. Set forth below is a summary of Plaintiff's demands, Defendants' belated and incomplete responses, and Defendants' remaining deficiencies.

## I. Background

As alleged in Plaintiff's complaint, at the time of her injury, E.F. was a six-year-old infant, when she fell off a jungle gym at a playground and sustained a displaced fracture of her left elbow. Over the course of more than four visits, and 11 months, the infant's orthopedic surgeon, Jennifer Leong, M.D. ("Dr. Leong"), and her Department Chief, Damon DelBello, M.D. ("Dr. DelBello"), repeatedly missed clinical and radiographic evidence of the infant's displaced fracture. This was despite the fact that such displacement was readily apparent on repeated x-rays and expressly noted on repeated radiology reports at Defendants' facility, Westchester Medical Center ("WMC").

## II. Plaintiff's Demands

On March 14, 2026, Plaintiff served his Initial Discovery (First Set of Interrogatories and Demand for Production of Documents) on Dr. Leong, WMC, and Westchester County Health Care Corporation ("WCHCC"). Pursuant to the Court's Civil Case Discovery Plan and Scheduling Order, Defendants' responses were due within 30 days.

## III. Defendants' Responses

On June 16, 2026, Dr. Leong served her responses to Plaintiff's First Set of Interrogatories only. However, she provided no response to the Demand for Production of Documents.

On August 6, 2026, rather than submitting the letter response as directed by the Court, Defendants instead filed three documents (ECF Nos. 40–42). The documents were captioned, respectively, as a "Response to Interrogatories" filed by WMC, a "Response to Interrogatories" filed by WCHCC, and a "Response to Discovery Request" from WCHCC.

First, the content of those filings does not correspond to their titles. Second, of the three filings one consists of Dr. Leong's responses to Plaintiff's First Set of Interrogatories (ECF 42). They are the same responses already served on Plaintiff's counsel in June 2026, now simply re-filed and containing no new information. Third, the other two filings are duplicates of one another, and both consist of WMC's responses to Plaintiff's First Set of Interrogatories (ECF 40-41). Fourth, in fact, to date, no response has been served on behalf of WCHCC.

## IV. Defendants' Remaining Deficiencies

1. WCHCC has not served any response to the interrogatories or document demands. See Buffalo Laborers Welfare Fund v. Elliott, 2008 U.S. Dist. LEXIS 25610, *6 (W.D.N.Y. Mar. 31, 2008) (sanctioning defendant who was served with discovery demands, including interrogatories, and "wholly failed to respond.").

2. No defendant, including Dr. Leong, has responded to Plaintiff's First Demand for Production of Documents, served together with the interrogatories on March 14, 2026.

3. WMC's interrogatory responses, though finally provided, are themselves substantively incomplete: (a) WMC refused to answer the majority of the interrogatories on unsubstantiated boilerplate overbreadth and burden objections, without answering any non-objectionable portion; (b) four interrogatories concerning the imaging and audit-trail systems relevant to this case (Nos. 11, 12, 13, and 14) are answered only "to be provided under separate cover." These are not trivial requests. The unanswered interrogatories seek information concerning the identity of the providers involved in E.F.'s care, WMC's policies and protocols governing review of radiological studies; whether treating surgeons were required to independently review imaging; procedures for identifying joint dislocations; and policies concerning fracture reduction, imaging review, verification of reduction, and pediatric orthopedic consultation. Those subjects bear directly upon Plaintiff's claims concerning how E.F.'s dislocation went undiagnosed for so long.

A central factual issue is whether the treating orthopedic physicians, including Dr. Leong, actually reviewed E.F.'s diagnostic images themselves, and, if so, when, or instead relied upon radiology report summaries, some (but not all) of which failed to identify the elbow dislocation. That issue cannot be resolved through Dr. Leong's recollection alone. Indeed, in her interrogatory responses, Dr. Leong repeatedly states that she has "no independent recollection" of the particular imaging studies or radiology reports she reviewed, when she reviewed them, or the method by which she did so, while asserting that her customary practice was to timely review

imaging through WMC's electronic medical record system. Thus, the electronic audit and access information maintained by WMC is critical to determine if and when E.F.'s imaging was actually accessed and reviewed. Plaintiff specifically requested identification of the electronic medical record and imaging/PACS systems, the databases maintaining access logs, and whether those systems preserve logs reflecting when diagnostic imaging was accessed or viewed. WMC has not provided that information. Instead, its responses to Interrogatory Nos. 11–14 state only that the information will be "provided under separate cover." In the absence of Defendants' substantive discovery responses, Plaintiff would not be able to depose Dr. Leong and the other treating providers, or any of the institutional witnesses.

4. Neither WMC's nor Dr. Leong's interrogatory responses are verified as required by Fed. R. Civ. P. 33(b)(3) and (5).

5. Plaintiff noticed Dr. Leong's deposition on March 14, 2026. On July 24, 2026, Plaintiff's counsel requested proposed dates for Dr. Leong's deposition during the last two weeks of August 2026. To date, Defendants have not provided any proposed dates.

## V. Defendants Should Be Directed Not to File Discovery Materials on ECF

Finally, Plaintiff respectfully submits that Defendants' filing of interrogatory responses directly on the Court's docket is improper. See Fed. R. Civ. P. 5(d)(1)(A). Plaintiff respectfully requests that the Court direct Defendants not to file any further discovery requests or responses on ECF, absent further order of the Court, and to instead serve any such materials directly on Plaintiff's counsel, consistent with Rule 5(d)(1).

## VI. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) schedule the pre-motion conference requested in Plaintiff's August 3, 2026 letter, or, in the alternative, permit Plaintiff leave to move to compel; (2) direct WCHCC to serve complete responses to the Initial Discovery; (3) direct WMC and Dr. Leong to respond to Plaintiff's Demand for Production of Documents, in each case by a date certain; (4) direct WMC to serve substantive responses, rather than boilerplate objections, to Interrogatory Nos. 1–6, 16, and 18, and to complete Interrogatory Nos. 11–14, which were answered only "to be provided under separate cover"; (5) direct Dr. Leong and WMC to submit the verifications for their respective interrogatory responses required by Fed. R. Civ. P. 33(b)(3); (6) direct Drs. Leong and DelBello to provide dates for their respective depositions forthwith, to be completed within 30 days of Defendants' compliance with the foregoing production of their fulsome discovery responses; and (7) direct that Defendants not file discovery requests or responses on ECF, consistent with Fed. R. Civ. P. 5(d)(1).

Respectfully submitted,

Todd J. Krouner

Todd J. Krouner

cc: Kenneth Oliver, Esq.
(via ECF)

Plaintiff's request is **GRANTED in part.** The Court will schedule a Discovery Conference for **August 25, 2026**, to resolve this issue. And the Court will enter a separate scheduling order with the dial-in information for the conference.

Prior to the conference, the parties are directed to meet and confer regarding the docket entries filed at ECF Nos. 38, 40–42, and 44. The parties should discuss what items were served, what responses were provided, and what deficiencies exist so that they can articulate them to the Court at the Discovery Conference.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 8/17/2026