UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X Civil Action No.: 7:25-cv-09383
James Farner, Individually, and as
a Parent and Natural Guardian of E.F., an Infant,

Plaintiff,

-against-

Jennifer Leong, M.D., Westchester County Medical Center, and Westchester County Health Care Corporation,

Defendants.
---------------------------------------------------------------X

**REDACTED INFANT COMPROMISE ORDER**

Upon the Petition of James Farner, individually and as parent and natural guardian of E.F., an infant, ("Mr. Farner"), dated October 13, 2026; the Affirmation of Todd J. Krouner, dated October 13, 2026; the medical records and reports and other exhibits annexed thereto; and after due inquiry into the settlement and all charges against the recovery, the Court finds that the settlement and the disposition of its proceeds set forth below are fair, reasonable and in E.F.'s best interests.

Pursuant to Local Civil Rule 83.2, and in conformity as much as possible with the applicable New York statutes and rules, it is hereby

ORDERED that Mr. Farner is authorized to compromise and settle all claims asserted in this action, individually and on behalf of E.F., against all defendants for the total sum of [redacted] (the "Settlement"); and it is further

ORDERED that the Court approves attorney's fees of [redacted] payable to the Law Office of Todd J. Krouner (the "Law Office"), calculated under Judiciary Law § 474-a on the recovery after deduction of $15,840.29 in litigation expenses. No enhanced fee or interest on litigation expenses is awarded; and it is further

ORDERED that $7,504.51 shall be paid to the Law Office for outstanding litigation expenses, as

itemized in the expense schedule annexed to the Affirmation as Exhibit C; and it is further

ORDERED that $8,335.78 shall be paid to James Farner as reimbursement for litigation expenses previously paid by him, as itemized in the expense schedule annexed to the Affirmation as Exhibit B. This reimbursement is separate from the outstanding litigation expenses and shall not be paid twice; and it is further

ORDERED that Mr. Farner’s individual claim is resolved without a separate allocation or payment of damages to him. Apart from the expense reimbursement expressly authorized above, Mr. Farner shall not receive any portion of E.F.’s recovery. The Court notes the representations that no other family member has a claim arising from the occurrence and that Mr. Farner has received no other compensation arising from it; and it is further

ORDERED that the Court notes counsel’s and Mr. Farner’s representations that there are no liens against the Settlement proceeds, and no deduction for any lien is authorized; and it is further

ORDERED that the balance of [redacted] constituting E.F.’s net recovery (the "Net Recovery"), shall be paid in a lump sum directly to First Manhattan Trust Company, LLC, as trustee (the "Trustee") of the irrevocable trust (the "Trust"), exclusively for E.F.’s benefit; and it is further

ORDERED that the dispositive provisions of the Trust arrangement shall provide:

a) E.F. is the sole beneficiary of the trust;

b) No distributions will be made to E.F. prior to her reaching the age of 18;

c) Once E.F. reaches the age of 18, the trustee will have discretion to distribute income and/or principal to E.F. for her health, education, maintenance and support;

d) One-third of trust principal will be distributed to E.F. when she reaches the age of 22, one-half of the remaining principal when she reaches age 26 and the balance thereof when she reaches age 30, at which point the trust will terminate;

e) Should E.F. pass away during the term of the trust, trust property will be distributed to E.F.'s heirs at law under the laws of the state of New York, subject to the terms of this trust agreement for any beneficiary under the age of 30 at such time;

f) The trustee will be First Manhattan Trust Company, LLC, a New Hampshire trust company permitted under section 131.3 of the New York Banking Law to act as a fiduciary for New York trusts;

and it is further

ORDERED that the Net Recovery and all income and proceeds derived from it shall remain segregated from the Parents' and all other persons' assets and shall be held, invested and administered solely for E.F.'s benefit in accordance with the approved trust instrument and this Order. The Trust assets shall not be pledged, assigned or used for any other person's benefit, or used to discharge ordinary parental support obligations without further order of this Court; and it is further

ORDERED that no withdrawal or distribution of principal or income shall be made during E.F.'s minority except for fees and expenses expressly approved herein or in the approved trust instrument, or upon further order of this Court. The Trustee shall retain records of all receipts, investments, fees and distributions and shall provide an annual accounting to Mr. Farner; and it is further

ORDERED that, to the extent the approved Trust arrangement departs from a New York State requirement governing the deposit or disposition of an infant's recovery, that requirement is dispensed with for cause shown under Local Civil Rule 83.2(a)(1), based upon the Trust is irrevocable, names E.F. as its sole lifetime beneficiary, and places her recovery under the administration of a professional trustee with fiduciary obligations; the funds will remain segregated from family assets, with no distributions to E.F. before age 18; thereafter, discretionary distributions will be limited to her health, education, maintenance and support, with staged principal distributions at ages 22, 26 and 30; and fee disclosures and periodic accountings provide safeguards and oversight appropriate to preserving and administering

the recovery for E.F.'s long-term benefit; and it is further

ORDERED that the Settlement shall be paid within 60 days after delivery of this entered Order, and the executed Release and Stipulation of Discontinuance. Payment shall be made in the four amounts and to the recipients specified above. The Law Office may receive the Settlement into its attorney trust account solely to effectuate the authorized payments and shall promptly remit the Net Recovery directly to the Trustee; and it is further

ORDERED that counsel shall provide Mr. Farner with a closing statement reflecting the gross Settlement, the authorized fees and litigation expenses, reimbursements and the payment to the Trust. Within 30 days after disbursement, counsel shall file confirmation that the Net Recovery was received by the Trustee, with personal financial identifiers redacted; and it is further

ORDERED that Mr. Farner is authorized, individually and on behalf of E.F., to execute the releases and other settlement documents approved by this Court to resolve all claims against all defendants. Upon payment of the full Settlement and completion of the authorized distributions, counsel shall file a stipulation dismissing this action with prejudice as against all defendants; and it is further

ORDERED that the Court retains jurisdiction to enforce this Order and the Settlement and to supervise the protection and disposition of E.F.'s Net Recovery.

**SO ORDERED.**

Dated: October 30, 2026 White
Plains, New York

Victoria Reznik

Hon. Victoria Reznik
United States Magistrate Judge